**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**WILLIAM R. DANIS,**

        **Plaintiff,**                  **DECISION AND ORDER**
                                                     **03-CV-6371**

    **v.**

**CSX TRANSPORTATION, INC.,**

        **Defendant.**

---

### Preliminary Statement

Pending before the Court are plaintiff's motion for leave to amend the complaint to add a claim for punitive damages (Docket #20)[1] and defendant's cross-motions for a protective order to limit the scope of discovery and award attorneys fees (Docket #28), as well as defendant's motion to compel plaintiff to provide signed authorizations (Docket #31). The Court heard oral argument on these motions on August 22, 2005. The parties have consented to proceed before this Court for all proceedings, including the entry of judgment, in accordance with 28 U.S.C. §636(c). (Docket #18).

### Factual Background

This action arises from the derailment of defendant's train near plaintiff's River Street property on December 23, 2001. The facts leading up to the derailment are undisputed. On the afternoon

---

[1] Plaintiff's motion also included a request to add a cause of action for loss of use, however, the parties have since stipulated to that amendment. (Docket #24).

of December 23, 2001, defendant's train pulled into Kodak Park to deliver and pick up cars.  The train had a crew of two: a conductor and an engineer.  As the train approached Kodak Park, the conductor disembarked and closed the angle cock which resulted in an unintentional release of the train's brakes.  See Federal Railway Administration Inspection Report (Docket #28, Exhibit D).  The train began to move forward, but the engineer was unable to control the increasing speed of the train, so he jumped from the train three miles before it derailed.  The derailment resulted in a fire which caused significant damage to plaintiff's residence as well as his boat storage and service business.  See Affirmation of James V. Philippone, Esq. ¶¶ 4,8 (Docket #20).  On March 5, 2004, the parties stipulated to defendant's liability for the derailment and proceeded to conduct discovery on the issue of damages. (Docket #12).  On February 16, 2005, the parties agreed upon a date certain of October 3, 2005 for a non-jury trial on damages.  (Docket #17).

With the instant motion, plaintiff alleges that punitive damages are warranted because defendant's engineer engaged in "wanton and reckless conduct" and "consciously disregarded" the safety of the public by abandoning the runaway train.  See Philippone Aff. ¶ 19 (Docket #20).  However, at oral argument, plaintiff alleged for the first time that the primary basis for a punitive damages claim was an excerpt from the accident report prepared by the Federal Railroad Administration ("FRA"), which was

attached to the original complaint.  Specifically, plaintiff relies upon a portion of that report which states, "[i]nformed carrier, if train was equipped with two-way head end device, derailment could have been avoided.  CSX Transportation Inc., agreed/changed policy." (Docket #28, Exhibit D).

Defendant counters that the facts presented by plaintiff fail to support a punitive damages claim and that to add such a claim on the eve of trial would severely prejudice defendant, particularly in light of its stipulation on liability.  Defendant also argues that punitive damages cannot be assessed against it for the acts of its employee because there is no evidence of defendant's complicity in any wrongdoing. (Docket # 29).

## **Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure provides that after responsive pleadings have been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15 (a).  A decision to grant or deny a motion to amend is within the sound discretion of the trial court. Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, unless there is undue delay, bad faith, prejudice to the opposing party, or futility of amendment, "the leave sought should, as the rules require, 'be freely given.'" Foman, 317 U.S. at 182.   Thus, while

3

amendments are common, it is within the Court's discretion to deny a plaintiff's request if the amendment would be futile. Lucente v. International Machines Business Corp., 310 F.3d 243, 258 (2d Cir. 2002); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). "An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." Menton v. Experian Corp., 2003 WL 21692820, *1 (S.D.N.Y. July 21, 2003). Deciding whether an amendment should be denied as futile involves essentially the same analysis as that applied to a motion to dismiss under Rule 12(b)(6), wherein the trial court's function "is merely to assess the legal feasibility of the complaint" on its face; not to judge the weight of the evidence which might be offered to support it. Aniero Concrete Co. Inc. v. New York City Construction Authority, 2000 WL 863208, *27-28 (S.D.N.Y. June 27, 2000), quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). In analyzing a motion to dismiss, a district court must accept the factual allegations in the complaint as true, Papasan v. Allain, 478 U.S. 265, 283 (1986), and these allegations must be construed favorably to the plaintiff. See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). A motion to dismiss should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citations and quotations omitted).

Here, plaintiff's proposed amendment is futile because it could

not survive a motion to dismiss. In New York, the threshold for establishing punitive damages is "very high." Fairman v. Hurley, 373 F. Supp. 2d 227, 235 (W.D.N.Y. 2005). Indeed, a plaintiff is only entitled to punitive damages if he can demonstrate that the defendant's conduct was "'so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others and that the conduct demonstrates a high degree of moral culpability.'" Deere v. Goodyear Tire & Rubber Co., 175 F.R.D. 157, 166 (N.D.N.Y. 1997), quoting West v. Goodyear Tire & Rubber Co., 973 F. Supp. 385, 387 (S.D.N.Y. 1997).

In this case, plaintiff's request to add a punitive damages claim must be denied because the proposed amended complaint does not contain any specific allegations of reckless or wanton conduct, nor does the FRA report contain any facts to support such a finding. See, e.g., St. Pierre v. Maingot, 2002 WL 31655355, *3 (E.D.La. November 21, 2002)(court found no claim for punitive damages existed where complaint failed to allege that defendant Yamaha acted with reckless indifference or willful wrongdoing); Gold v. Johns-Manville Sales Corp., 553 F.Supp. 482, 485 (D.N.J. 1982)(plaintiffs permitted to claim punitive damages only if the facts alleged warrant their imposition).

In any event, neither of the two arguments relied upon by plaintiff would support a punitive damages claim. First, plaintiff's allegation that the crew's abandonment of the train warrants punitive damages is unavailing. Even plaintiff

5

acknowledges that the train engineer "had no choice but to jump to safety." See Plaintiff's Memorandum of Law, page 6 (Docket #20). Thus, his automatic response to the emergency situation at hand cannot be characterized as reckless or wanton. In any event, even if the engineer's abandonment of the train could be deemed reckless, there is nothing to indicate that defendant was complicit in that decision, so punitive damages are unavailable on that basis. "[P]unitive damages can be imposed on an employer for the intentional wrongdoing of its employees only where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages." Loughry v. Lincoln First Bank, N.A., 67 N.Y.2d 369, 378 (1986); Gardner v. Federated Department Stores Inc., 907 F.2d 1348, 1351 (2d Cir. 1990).

Likewise, plaintiff's argument that defendant was grossly negligent for failing to install a two-way head end device on the train is insufficient to support a claim for punitive damages. First, the FRA report is nothing new, indeed it was incorporated by reference into plaintiff's complaint. Despite ample opportunity to develop facts in support of a punitive damage theory, plaintiff has failed to describe what a two-way head end device is, how it works, how it would have prevented this derailment, or whether it is "standard equipment" on other trains or railway lines. Second, in its report, the FRA does not attribute defendant's failure to install this device as a probable cause of the derailment. During oral argument, plaintiff conceded that he has not yet retained an

expert who could opine that the failure to equip the train with the device could be considered negligence of any kind let alone the high standard of reckless or wanton conduct. However, even if plaintiff had such an expert, the New York State Court of Appeals has found comparable expert opinion insufficient to raise an issue of fact regarding gross negligence under similar circumstances. See <u>David Gutter Furs v. Jewelers Protection Servs., Ltd.</u>, 79 N.Y.2d 1027, 1029 (1992)(expert opinion that the defendant alarm company should have installed additional motion detectors and a shock sensor did not establish reckless indifference to plaintiff's rights); see also <u>West v. Goodyear Tire & Rubber Co.</u>, 973 F. Supp. 385, 389 (S.D.N.Y. 1997)(expert's testimony that Goodyear knew of the mismatched tire risk but failed to implement a safer design did not amount to "morally culpable, reckless, or close to criminal" behavior, therefore punitive damages were unavailable); <u>Camillo v. Greer</u>, 185 A.D.2d 192, 194 (1st Dept. 1992)(where crane malfunction caused severe injury to pedestrian, expert's testimony that crane manufacturer was aware of defects in aluminum but failed to take action was insufficient to support punitive damages claim because there was no proof that defendant was "motivated by malice, vindictiveness or criminal intent or that its conduct was intentionally outrageous or oppressive or undertaken with wanton disregard for the public safety.").

Not only does New York law require the reckless and wanton behavior alleged to be "close to criminality," it must also be

"clearly established" by "unequivocal and convincing evidence" to sustain a punitive damages claim. West, 973 F. Supp. at 387; Camillo, 18 A.D.2d at 194 (internal quotations and citations omitted). Here, plaintiff has not alleged nor proffered sufficient evidence clearly establishing that defendant acted wantonly or with a conscious disregard for the rights of others by failing to install the two-way head end device. See, e.g., Deere, 175 F.R.D. at 166 (court denied motion to add punitive damages because plaintiff did not "clearly establish" that defendant Goodyear's alleged failure to warn public about risks associated with inflating tires was wanton or egregious).

Finally, plaintiff offers no justification for the delay in bringing this motion to amend. While the Court is sympathetic to plaintiff's explanation that counsel needed time to "mull" the facts over before realizing that a punitive damage claim would be viable, it finds that the proffered reason is not sufficient to justify the addition of a punitive damages claim at this late stage, particularly where, as here, the FRA report upon which he now relies was attached to the original complaint filed over two years ago. In sum, given the legal futility of the proposed amendment and the delay and prejudice inherent in granting the motion to add an entirely new damage claim so close to trial, it is clear that plaintiff's motion to amend must be denied. See Byrne v. Times Square District Management Ass'n., 2005 WL 1231643, *5 (S.D.N.Y. May 25, 2005)(court denied plaintiff's motion to amend to add punitive

damages where motion was filed without justification after close of discovery); Deere, 175 F.R.D. at 166 (motion to amend complaint to add punitive damages denied where plaintiff did not offer any explanation for two year delay). See also Trident Inv. Mgmt. Inc. v. AMOCO Oil Co., 194 F.3d 772, 780 (7th Cir. 1999)(denial of motion to amend to add punitive damages was proper where defendant had already stipulated to liability).

## Conclusion

Plaintiff's motion to amend the complaint to add a claim for punitive damages (Docket #20) is **denied**.  Thus, defendant's cross-motion for a protective order limiting the scope of discovery to plaintiff's actual damages (Docket #28) is **granted**.  For the reasons set forth on the record, defendant's motion for attorneys fees (Docket #28) is **denied** and defendant's motion to compel authorizations (Docket #31) is **granted in part and denied in part.**

The parties are directed to appear for a pre-trial conference on **September 16, 2005 at 2:30 p.m**.  The Court will issue a separate pre-trial order.

SO ORDERED.

                                     /s/ Jonathan W. Feldman
                                       JONATHAN W. FELDMAN
                                United States Magistrate Judge

Date: August 31, 2005
     Rochester, New York